UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAIR HARRIS,

    Plaintiff,

v.                                          Case No. 8:20-cv-1874-T-60AAS

INTECH INNOVATION HOLDINGS,
INC., a Florida corporation; JAMES F.
MARSHALL II a/k/a Skip Marshall; and
CHARLES ANTHONY GRIESS a/k/a
CHUCK GRIESS,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
 "DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT"**

This matter is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint," filed by Defendants Intech Innovation Holdings, Inc., James F. Marshall II, and Charles Anthony Greiss on September 23, 2020.  (Doc. 25).  On October 7, 2020, Plaintiff Blair Harris filed a response in opposition to the motion. (Doc. 26).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

In April 2019, Plaintiff Blair Harris left his job and contacted Defendant James F. Marshall to discuss becoming a partner in Intech Innovation Holdings, Inc. ("Intech"), a technical services and consulting company established by Marshall and Defendant Charles Anthony Griess. Plaintiff ultimately became an owner, and he began working on behalf of Intech in June 2019. Plaintiff, who consistently worked more than forty hours each week, alleges that he was not paid for his labor through an hourly wage, salary, or other monetary compensation.

In August 2019, Marshall prepared a proforma that outlined the salaries that executive staff would receive once the company began generating profits, as well as the anticipated salaries of other team members who would be hired. This document provided that Marshall (as Chief Executive Officer) would receive an annual salary of $150,000.00, while Plaintiff (as Chief Operating Officer) and Griess (as Chief Technology Officer) would each receive annual salaries of $125,000.00. Griess began receiving his salary in November 2019, but Plaintiff and Marshall agreed to not receive a salary until the company began generating profits.

In October 2019, Plaintiff began to push Marshall to finalize a written shareholder agreement that would memorialize Plaintiff's ownership in the company. Marshall was receptive to the idea, and the two met to further discuss

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

terms on October 30, 2019.  During this meeting, Marshall offered Plaintiff a 10% equity interest, with Marshall retaining a 51% ownership stake and Griess receiving a 15% interest.  Plaintiff agreed to these terms.

According to Plaintiff, over the next several months, he made several requests for a written shareholder agreement, but Marshall did not provide any such document.  On July 8, 2020, despite all of their prior discussions, Marshall refused to acknowledge the parties' agreement.  When Plaintiff again asked for a written shareholder agreement, Marshall told Plaintiff that he was not entitled to a 10% ownership stake in Intech.  Instead, Marshall said he would only give Plaintiff 10,000 Intech shares, with no anti-dilution protection.  During this meeting, Marshall admitted that he had been paying himself a salary since March 2020, even though Plaintiff had still not been paid.  On July 9, 2020, at a meeting, Marshall told Plaintiff that he and Griess had decided that Plaintiff should be terminated, effective immediately.

## Analysis

On August 11, 2020, Plaintiff filed this action, alleging: (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, (4) promissory estoppel, and (5) violation of California Labor Code § 1194 for nonpayment of minimum wage and overtime.  Defendants have moved to dismiss the complaint, arguing that the claims are insufficiently pled and are barred by Florida's Statute of Frauds.

*Count I - Breach of Contract*

In Count I, Plaintiff sues Intech, Marshall, and Griess for breach of contract. Initially, the Court finds that this claim presents a shotgun pleading due to the mixing of claims against multiple defendants. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (identifying four primary types of shotgun pleadings). The mixing of claims makes it difficult to frame a response here because Plaintiff has failed to allege facts that would give rise to a reasonable inference that Marshall and Griess are *personally* liable for Plaintiff's injuries. As such, Count I is due to be dismissed without prejudice, with leave to amend. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice). In any amended complaint, Plaintiff is directed to assert separate counts against Intech, Marshall, and Griess, and to provide a sufficient factual basis, if possible, supporting corporate liability, individual liability, or both.[2]

*Count II - Quantum Meruit*

In Count II, Plaintiff asserts a quantum meruit claim against Intech. Upon review, the Court finds that Plaintiff has satisfied his pleading burden. *See* Fed. R. Civ. P. 8. The complaint contains sufficient factual allegations to put Intech on

---

[2] For example, considering the allegations of the complaint. it is not clear how or why the corporation – as an entity – and Marshall and Griess – as individuals – would all be liable for a breach of the agreement to pay Plaintiff an annual salary.

notice as to the nature of the claim against it. The motion is denied as to this ground.

### *Count III - Unjust Enrichment*

In Count III, Plaintiff sues Intech, Marshall, and Griess for unjust enrichment. The Court finds that this claim also presents a shotgun pleading due to the mixing of claims against multiple defendants. *See Weiland*, 792 F.3d at 1322-23. The mixing of claims makes it difficult to answer since Plaintiff has failed to allege facts that would give rise to a reasonable inference that Marshall and Griess are *personally* liable for Plaintiff's injuries. Consequently, Count III is dismissed without prejudice, with leave to amend. In any amended complaint, Plaintiff is directed to assert separate counts against Intech, Marshall, and Griess, and to provide a sufficient factual basis, if possible, supporting corporate liability, individual liability, or both.

The Court specifically notes that a plaintiff is permitted to plead unjust enrichment in the alternative to a breach of contract claim. *See, e.g., Shibata v. Lim*, 133 F. Supp. 2d 1321, 1320 (M.D. Fla. 2000) ("[B]oth the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment.").[3] In any amended complaint, Plaintiff is directed to specifically indicate whether he is asserting such a claim in the alternative.

---

[3] The case law cited by Defendants to the contrary is not binding on this Court. *See Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other

*Count IV - Promissory Estoppel*

In Count IV, Plaintiff sues Intech, Marshall, and Griess for promissory estoppel. The Court finds that this claim presents a shotgun pleading due to the improper mixing of claims against multiple defendants. *See Weiland*, 792 F.3d at 1322-23. Again, the Court reiterates that it is difficult to frame a responsive pleading because Plaintiff has failed to allege facts that would give rise to a reasonable inference that Marshall and Griess are *personally* liable for Plaintiff's injuries. As a result, this claim is dismissed without prejudice, with leave to amend. In any amended complaint, Plaintiff is directed to assert separate counts against Intech, Marshall, and Griess, and to provide a sufficient factual basis, if possible, supporting corporate liability, individual liability, or both.

*Count V - Cal. Labor Code § 1194*

In Count V, Plaintiff sues Intech, Marshall, and Griess for the nonpayment of minimum wage and overtime under the California Labor Code. The complaint contains sufficient factual allegations to put Defendants on notice as to the claim against them. The motion is denied as to this ground.

*Statute of Frauds*

In the motion to dismiss, Defendants argue that Plaintiff's claim is barred by Florida's statute of frauds.[4] "The statute of frauds is an affirmative defense, which

---

judges, even members of the same court."); *United States v. Chan*, 729 F. App'x 765, 771 (11th Cir. 2018) (quoting previously cited case).

[4] Florida's statute of frauds provides that "[n]o action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought . . . shall be in writing and signed by the party to be charged therewith." § 725.01, *F.S.*

may be raised on a motion to dismiss for failure to state a claim, but only if the defense is apparent on the face of the complaint." *Am. Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 390 F. Supp. 2d 1170, 1177 (M.D. Fla. 2005). Therefore, the motion to dismiss hinges on whether or not it is apparent – from the face of the complaint – that the parties intended the agreement to enter into a business relationship to be performed in over one year.

"The intent of the parties is a factual matter that cannot be resolved on a motion to dismiss." *Id*. Although an oral shareholder agreement would appear to "contemplate an agreement of indefinite duration, likely not to be performed within one year," the Court finds that – at this stage of the proceedings – such an argument cannot support dismissal without additional facts. *See id; see also BGW Design Ltd., Inc. v. Service America Corp.*, No. 10-20730-Civ, 2010 WL 5014289, at *5 (S.D Fla. Dec. 3, 2010) (denying motion to dismiss where statute of frauds defense was not apparent on the face of the complaint). The cases cited by Defendant, which were resolved at different stages of the proceedings, are clearly distinguishable. Consequently, the Court concludes that the statute of frauds defense is not apparent on the face of the complaint and does not require dismissal at this time. The motion is denied as to this ground.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendants' Motion to Dismiss Plaintiff's Complaint" (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that Counts I, III, and IV are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3) The motion is otherwise **DENIED**.

4) Plaintiff is **DIRECTED** to file an amended complaint to correct the deficiencies identified in this Order on or before December 16, 2020. Failure to file an amended complaint as directed will result in this Order becoming a final judgment as to Counts I, III, and IV. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of December, 2020.

                                       **TOM BARBER**
                                       **UNITED STATES DISTRICT JUDGE**